IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ELIZABETH DEMBO, | ) | |
| aka Elizabeth Lehmann, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1. **PARTIES**:

The parties are the Defendant **Elizabeth Dembo** ("Defendant"), represented by defense counsel **Talmage Newton**, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA**:

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), in exchange for the Defendant's waiver of indictment and voluntary plea of guilty to Count 1 of the criminal information ("Information"), the United States agrees that no further federal criminal prosecution will be brought in this District against the Defendant relative to her dispensing and distribution of controlled substance medications, the knowing creation and use of fraudulent prescriptions

and related patient records, and the submission of false reimbursement claims to health care benefit programs while employed at Olive Street Pharmacy, LLC, from 2015 to March 2018, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. Either party may request a departure above or below the sentencing range determined by the Court. The parties further agree that the Defendant may request a sentence below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court, pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The Government reserves the right to oppose the request for a departure or variance.

3.  **ELEMENTS**:

As to **Count 1**, the Defendant admits to knowingly violating Title 21, United States Code, Section 843(a)(3) and admits there is a factual basis for the plea and further fully understands that the elements of the crime of acquiring or obtaining possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge are:

*One*, the Defendant acquired and obtained a controlled substance;

*Two*, the Defendant acted knowingly and intentionally; and

*Three*, the acquisition of the controlled substance was the result of misrepresentation, fraud, forgery, deception, or subterfuge.

2

4. **FACTS**:

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

    a.    From in or about 2013, the Defendant was a licensed pharmacist in the state of Missouri. From in or about September 2015 to in or about March 2018, the Defendant was employed as the pharmacist-in-charge (sometimes referred to as "PIC") at Olive Street Pharmacy, located at 10420 Old Olive Street Rd., in Creve Coeur, Missouri. The Defendant admits that as the PIC, she was personally responsible for supervising pharmacy activities and for ensuring full compliance with all state and federal drug laws. 20 CSR 2220- 2.010(1)(M).

    b.    The Defendant admits that Irina Shlafshteyn ("Shlafshteyn") was an owner, sole manager, and point of contact for Olive Street Pharmacy, oversaw all the daily activities of Olive Street Pharmacy, was present there almost every day, and employed licensed pharmacists and technicians to work at Olive Street Pharmacy.

## Applicable Federal and State Regulations Concerning Controlled Substances

    c.    The Defendant admits she knew that federal and state laws and regulations define certain prescription drugs as controlled substances. These controlled substances are placed into one of five schedules, with Schedule II drugs having a high risk for abuse, severe psychological or physical dependence, and physical harm. The Defendant also admits she knew that physicians and pharmacists must strictly comply with state and federal laws and regulations when prescribing or dispensing drugs containing controlled substances.

3

d. The Defendant further admits she knew federal and state laws and regulations permitted pharmacists to dispense and distribute controlled substance drugs only if the drugs were ordered by a physician or other authorized practitioner acting in the usual course of his or her professional practice and for a legitimate medical purpose. The Defendant also knew physicians had to establish a physician-patient relationship, conduct a sufficient examination of patients, and sign prescriptions for controlled substance drugs on the date the drugs were actually prescribed.

e. The Defendant further admits that Shlafshteyn, as the permit holder of Olive Street Pharmacy, was personally responsible for supervising pharmacy activities and for ensuring full compliance with all state and federal drug laws. The Defendant also knew that any person knowingly filling an invalid or fraudulent prescription and the person issuing the prescription were subject to criminal penalties for violating the laws and regulations related to controlled substances.

## Controlled Substances Illegally Obtained by the Defendant

f. The Defendant admits that she dispensed controlled substance drugs to herself and knew the drugs had not been prescribed by a doctor within the usual course of his medical practice and for a legitimate medical purpose. In some instances, the Defendant sought Shlafshteyn's assistance in obtaining fraudulent prescriptions for controlled substance drugs. As an example, the Defendant admits that she asked Shlafshteyn to request co-conspirator Jerry Leech, a chiropractor, to obtain prescriptions for controlled substance drugs from co-conspirator Dr. Stanley Librach and Dr. Asim Ali. The Defendant and her co-conspirators knew these

4

doctors had not written the prescriptions in the usual course of their medical practice and for a legitimate medical purpose.

g. The Defendant admits that between May 2015 and November 2017, on at least 10 separate occasions, the Defendant used prescriptions listing Dr. Librach and Dr. Ali as the prescribing doctor to obtain amphetamine salt tablets, alprazolam, oxycodone, and dextroamphetamine although she knew Dr. Librach and Dr. Ali had not prescribed these medications in the usual course of their medical practices and for a legitimate medical purpose. Some of the prescriptions filled by the Defendant with Dr. Librach or Dr. Ali as the prescribing doctor are listed in the chart below. Because of the difficulty of determining the precise amount of controlled substance medications the Defendant illegally obtained, the parties stipulate and recommend that the amounts listed in the chart below be used to calculate the Defendant's offense level and sentencing range.

| Rx Number | Date Written | Date Filled | Dispensed Item Name | Days Supplied | Qty | Patient | Prescriber |
|---|---|---|---|---|---|---|---|
| 8869 | 5/27/2015 | 5/27/2015 | Amphetamine Salts 30 Mg Tablet | 30 | 45 | Dembo, Elizabeth | Librach |
| 9449 | 6/11/2015 | 6/11/2015 | Amphetamine Salts 20 Mg Tablet | 30 | 60 | Dembo, Elizabeth | Librach |
| 9448 | 6/11/2015 | 6/11/2015 | Alprazolam 0.25 Mg Tablet | 30 | 30 | Dembo, Elizabeth | Librach |
| 29347 | 8/4/2016 | 8/11/2016 | Oxycodone Hcl 10 Mg Tablet | 5 | 30 | Dembo, Elizabeth | Librach |
| 37880 | 12/27/2016 | 12/27/2016 | Amphetamine Salts 20 Mg Tablet | 15 | 45 | Dembo, Elizabeth | Librach |
| 42167 | 3/2/2017 | 3/2/2017 | Amphetamine Salts 20 Mg Tablet | 10 | 30 | Dembo, Elizabeth | Librach |
| 46407 | 4/28/2017 | 4/28/2017 | Amphetamine Salts 20 Mg Tablet | 14 | 42 | Dembo, Elizabeth | Librach |
| 51185 | 6/28/2017 | 6/28/2017 | Dextroamp-Amphetamin 15 Mg Tab | 14 | 60 | Dembo, Elizabeth | Librach |
| 54727 | 8/21/2017 | 8/21/2017 | Amphetamine Salts 20 Mg Tablet | 15 | 45 | Dembo, Elizabeth | Librach |

| Rx Number | Date Written | Date Filled | Dispensed Item Name | Days Supplied | Qty | Patient | Prescriber |
|---|---|---|---|---|---|---|---|
| 59430 | 10/23/2017 | 10/23/2017 | Amphetamine Salts 20 Mg Tablet | 15 | 45 | Dembo, Elizabeth | Librach |
| 61777 | 11/21/2017 | 11/21/2017 | Amphetamine Salts 20 Mg Tablet | 20 | 60 | Dembo, Elizabeth | Ali |

5. **STATUTORY PENALTIES:**

The Defendant fully understands that the maximum possible penalty provided by law for the crime of obtaining controlled substances by fraud and deceit, as charged in Count 1 of the Information, to which the Defendant is pleading guilty is imprisonment of not more than 4 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 1 year.

6. **U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The Defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. To assist the Court in determining the impact of the plea agreement, the parties submit the following U.S. Sentencing Guidelines analysis:

  a. **Chapter 2 Offense Conduct:**

  (1) **Base Offense Level:** The parties agree that the base offense level for Count 1 is **8**, as found in Section 2D2.2.

  (2) **Specific Offense Characteristics:** No Specific Offense Characteristics apply to this plea.

  b. **Chapter 3 Adjustments:**

  (1) **Acceptance of Responsibility:** The parties agree that two levels should be deducted pursuant to Section 3E1.1(a) because the Defendant has clearly demonstrated

acceptance of responsibility and timely notified the Government of the Defendant's intention to plead guilty. The parties agree that the Defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea, the Government receives new evidence of statements or conduct by the Defendant which it believes are inconsistent with Defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the Defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(2) **Abuse of Trust:** The parties disagree whether the base offense should be increased by **2** levels, pursuant to Section 3B1.3, because the Defendant abused a position of public or private trust, or used a special skill, in a manner that sufficiently facilitated the commission or concealment of the offense. The parties leave this argument open for sentencing.

c. **Other Adjustment(s)/Disputed Adjustments:** None

d. **Estimated Total Offense Level:** The parties disagree regarding the Total Offense Level. The Government believes the Total Offense Level is 8. The Defendant estimates that the Total Offense Level is 6.

e. **Criminal History:** The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is available in the Pretrial Services Report.

f.   **Effect of Parties' U.S. Sentencing Guidelines Analysis**:

The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7.   **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**:

a.   **Appeal**: The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1) **Non-Sentencing Issues**: The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute to which Defendant is pleading guilty and whether Defendant's conduct falls within the scope of the statute.

(2) **Sentencing Issues**: In the event the Court accepts the plea and the total offense level recommended by the Government or the Defendant, and sentences the Defendant within or below the Guidelines range determined by the Court, then, as part of this agreement, the Defendant hereby waive all rights to appeal all sentencing issues.

b.   **Habeas Corpus**: The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct and claims of ineffective assistance of counsel.

c. **Right to Records**: The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

   a. **Disclosures Required by the United States Probation Office**: The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

   b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies**: Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

   c. **Supervised Release**: Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

d.    **Mandatory Special Assessment**: Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

e.    **Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143. The Government will not oppose the Defendant's request to remain at liberty pending sentence, though ultimately the matter is in the sole discretion of the District Court. The Government reserves the right to recommend detention if the Defendant engages in conduct in violation of federal, state, and local laws, not including minor traffic violations.

f.    **Fines, Restitution and Costs of Incarceration and Supervision**: The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The Defendant agrees to provide full restitution to all victims of all charges in the indictment.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**:

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives her rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the entire case against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the Government's case and any defenses.

The guilty plea could impact Defendant's immigration status or result in deportation. In particular, if any crime to which Defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the Defendant of the possible immigration consequences, including deportation, resulting from the plea.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the Defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges that the Defendant has voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crimes, violates any conditions of release, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States will be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any

sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA**:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring as set forth in Paragraph 2 above.

October 27, 2021
Date

*Dorothy L. McMurtry*
DOROTHY L. McMURTRY
Assistant United States Attorney

October 29, 2021
Date

ELIZABETH DEMBO
Defendant

November 1, 2021
Date

TALMAGE NEWTON
Attorney for Defendant